UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLUE CASTLE (CAYMAN) LTD.,

                                  Plaintiff,

             v.

DEE CHANG YEE A/K/A DECHANG YEE A/K/A DE YEE, PETER DEYU TAN, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU, SING CHEN, SUN ZHEN, ANN CHEN,

                                  Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

23-cv-1724 (LDH) (LB)

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Blue Castle (Cayman) Ltd. brought this diversity foreclosure action against defendants Dee Chang Yee a/k/a Dechang Yee a/k/a De Yee, Peter Deyu Tan, the City of New York Environmental Control Board, City Of New York Department Of Transportation Parking Violations Bureau, Sing Chen, Sun Zhen, and Ann Chen, seeking to foreclose on a mortgage encumbering certain real property located at 132-05 Avery Avenue, Flushing, NY 11355 (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. Plaintiff moved for a default judgment and judgment of foreclosure and sale against Defendants. On February 20, 2024, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for default judgment be denied and the Complaint be dismissed without prejudice. (*See* ECF No. 25.) Plaintiff timely objected.

## BACKGROUND

      On or around May 31, 2006, Defendant Yee executed and delivered a promissory note ("Note") to American Brokers Conduit for $760,000. (Compl. ¶ 9, ECF No. 1; Compl. Ex. C,

1

ECF No. 1-5.)  As security for payment of the Note, Yee and Defendant Tan also executed a mortgage ("Mortgage") for the same amount on the Property, which was recorded on June 13, 2006.  (Compl. ¶ 8; Compl. Ex. B, ECF No. 1-4.)  In June 2015, Yee executed and delivered a loan modification agreement, and the unpaid principal balance on the loan was changed to $793,795.99.  (Compl. ¶ 10; Compl. Ex. D, ECF No. 1-6.)  The Mortgage and Note were eventually assigned to Plaintiff.  (Compl. ¶ 12.)

Yee failed to make payments that became due on January 1, 2019.  (*Id.* ¶ 13.)  Plaintiff then issued a notice to cure the default on January 20, 2023.  (Compl. Ex. E at 75, ECF No. 1-7.)  As of that date, Yee owed a total of $910,740.79 in unpaid principal, accrued interest and late charges.  (Compl. ¶ 19(a).)  Plaintiff commenced this action on March 6, 2023, to initiate foreclosure proceedings in connection with the Property.  After Defendants failed to respond to the Complaint, Plaintiff moved for default judgment on September 14, 2023.  (*See* ECF No. 18.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection.  *Id.*  Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant's default "is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Once a default is entered, the court "is required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) After default is entered, a party may "apply to the court for a default judgment." Fed. R. Civ. P.55(b). "The decision whether to enter default judgment is committed to the district court's discretion," *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015), but the scope of such discretion is circumscribed by the Second Circuit's "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

Under New York law, a plaintiff seeking to foreclose must demonstrate "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Vielman,* No. 16 CV 2370, 2017 WL 4083551, at *5 (E.D.N.Y. Aug. 25, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 4083156 (E.D.N.Y. Sept. 24, 2017). A plaintiff must also demonstrate that it complied with RPAPL's notice requirements. *Onewest Bank, N.A. v. Mahoney*, 62 N.Y.S.3d 144, 146 (N.Y. App. Div. 2017). That is, prior to commencing a residential foreclosure action in New York, a lender must comply with certain requirements set forth by the RPAPL. *See* N.Y. RPAPL § 1301 *et seq.*

Pursuant to RPAPL § 1304, "at least 90 days prior to commencing legal action against a borrower of a home loan, a lender, assignee, or mortgage loan servicer must provide the borrower with notice stating, inter alia, that the loan is a certain number of days and dollars in default as of a certain date[.]" *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 338 (2d Cir. 2021) (summary order). "Section 1304(2) specifies that this notice must be sent 'by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage.'" *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting RPAPL § 1304(2)).

Importantly, RPAPL § 1306 requires that a foreclosure plaintiff file certain information, within three business days of mailing a section 1304 notice, with a state regulator, the Superintendent of Financial Services. RPAPL § 1306(1). "A proof of filing statement from the New York State Department of Financial Services is sufficient to establish" that a plaintiff filed with the superintendent. *MTGLQ Invs., L.P. v. Assim*, 209 AD3d 1006, 1008 (N.Y. App. Div. 2022) (citations omitted). A plaintiff must also show that the filing statement is timely relative to the date of § 1304 notice mailing. *PROF-2013-S3 Legal Title Tr. V v. Johnson*, 214 A.D.3d 745, 747 (N.Y. App. Div. 2023) Compliance with the RPAPL is a "condition precedent" to the commencement of a foreclosure action and a plaintiff has the burden of establishing satisfaction of that condition. *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 103 (N.Y. App. Div. 2011).

In her February 20 R&R, Judge Bloom found that Plaintiff's section 1306 filings were made on November 8, 2022. (R&R at 8.) That determination was based on the section 1304 notice attached to the Complaint, which shows that it was mailed by Plaintiff on October 31, 2022. (*See* Compl. Ex. E at 2–3.) Given the section 1306 filings contained a section 1304 notice

4

date that was inconsistent with the October 2022 notice and did not occur until more than three days after that notice, Judge Bloom concluded that Plaintiff's allegation of compliance with the RPAPL was not well-pleaded and that the section 1306 filings were untimely. (R&R at 7–8.) That conclusion is correct and precludes Plaintiff from benefiting from a default judgment. *See Hop Hing Produces Inc. v. Lin Zhang Trading Co.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) ("A fact is not 'well-pleaded' if it is inconsistent with other allegations in the complaint or with other facts of which the court can take judicial notice."); *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2022 WL 4445399, at *3 (E.D.N.Y. Sept. 23, 2022) (denying motion for default judgment because the plaintiff failed to strictly comply with sections 1304 and 1306).

In its objection to the R&R, Plaintiff does not point to any error by Judge Bloom in her review of the filings Plaintiff presented in support of its motion. Instead, Plaintiff concedes that Plaintiff failed to include the proper documentation of its compliance with RPAPL § 1306. According to Plaintiff, it mailed Defendants two statutory 90-day notices, one on October 31, 2022, and another on November 4, 2022. (*See* Pl.'s Obj. ¶¶ 8–9, ECF No. 26.) In an apparent "oversight" Plaintiff appended the incorrect October 2022 notice to its Complaint rather than the November 2022 notice. (*Id.* ¶ 25.) Had Plaintiff presented the November notice to the Judge Bloom for her review, Plaintiff would have demonstrated compliance with RPAPL's requirements.

Because Plaintiff has attached the November 2022 notice for the first time in its objection, it constitutes new evidence. "A district court conducting a de novo review of a magistrate judge's report and recommendation is permitted, but not required, to supplement the record by entertaining additional evidence. . . ." *VOX Amplification Ltd. v. Meussdorffer*, 50 F.

5

Supp. 3d 355, 368 (E.D.N.Y. 2014). "Nevertheless, absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *Id.* (citation and quotation marks omitted). Plaintiff could have presented the November 2022 notice prior to Judge Bloom's R&R and offers no reason, much less a compelling one, for its neglect. Accordingly, the Court declines to consider it. *See, e.g.*, *Morris v. Amalgamated Lithographers of Am., Local One*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998) (declining to consider evidentiary materials presented for the first time in an objection to the report and recommendation).

Even if the Court were to consider the November 2022 notice and conclude that Plaintiff complied with the RPAPL, the R&R identified another deficiency: Plaintiff failed to comply with the Servicemembers Civil Relief Act ("SCRA") as to Defendant Tan's military service. (R&R at 11 n.8.) The SCRA requires that "before entering [default] judgment for the plaintiff," a plaintiff must "file with the court an affidavit–(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C.A. § 3931(b)(1). "The court lacks discretion to excuse the plaintiff's failure to comply with the statute." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474 (KAM) (ST), 2024 WL 219092, at *4 (E.D.N.Y. Jan. 22, 2024). Judge Bloom ruled that Plaintiff's "failure to verify whether [Tan] was in the military at the time of default is another reason this motion for a default judgment should be denied" because Tan, as a signatory of the Mortgage, is an indispensable party. (R&R at 11 n.8.) Plaintiff did not object to this

determination in the R&R and, having found no clear error, the Court concludes that Plaintiff's motion for default judgment should be denied on this basis as well.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED.  Plaintiff's motion for default judgment is DENIED and the Complaint is dismissed without prejudice.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
September 30, 2024  LASHANN DEARCY HALL
United States District Judge