UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BLUE CASTLE (CAYMAN) LTD.,

                            Plaintiff,

            v.

DEE CHANG YEE A/K/A DECHANG YEE A/K/A DE YEE, PETER DEYU TAN, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU, SING CHEN, SUN ZHEN, ANN CHEN,

                            Defendant.

**MEMORANDUM AND ORDER**

23-cv-01724 (LDH) (LB)

---

LASHANN DEARCY HALL, United States District Judge:

      Presently before the Court is Blue Castle (Cayman) Ltd.'s ("Plaintiff") motion for reconsideration, (*see* Pl.'s Mot. for Recons. ("Pl.'s Mot."), ECF No. 31), of this Court's Memorandum and Order, which adopted, in its entirety, then-Magistrate Judge Lois Bloom's report and recommendation (the "R&R") concerning Plaintiff's motion for default judgment against Dee Chang Yee a/k/a Dechang Yee a/k/a De Yee, Peter Deyu Tan ("Defendant Tan"), the City of New York Environmental Control Board, the City Of New York Department Of Transportation Parking Violations Bureau, Sing Chen, Sun Zhen, and Ann Chen (collectively, "Defendants"). (*See* Mem. and Order, dated Sept. 30, 2024, ECF No. 29.)

## BACKGROUND

      The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to Plaintiff's reconsideration motion. On March 6, 2023, Plaintiff brought this diversity foreclosure action against Defendants pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, seeking to foreclose on a mortgage encumbering

1

certain real property located at 132-05 Avery Avenue, Flushing, NY 11355. Plaintiff moved for a default judgment and judgment of foreclosure and sale against Defendants. On February 20, 2024, Magistrate Judge Bloom issued the R&R recommending that Plaintiff's motion for default judgment be denied and the complaint be dismissed without prejudice. (R&R, ECF No. 25.) Plaintiff timely objected, contesting one-of-two grounds upon which the R&R recommended dismissal: Plaintiff's failure to comply with the RPAPL. Ultimately, by Memorandum and Order dated September 30, 2024, (the "Memorandum and Order"), this Court overruled Plaintiff's objection and denied Plaintiff's motion for default judgment on the same two grounds pronounced in the R&R. Specifically, Plaintiff's motion for default judgment was denied because: (1) Plaintiff's allegation of compliance with the RPAPL was not well-pleaded and its section 1306 filings were untimely; and (2) Plaintiff failed to comply with the Servicemembers Civil Relief Act ("SCRA") as to Defendant Tan.[1] Presently before the Court is Plaintiff's motion for reconsideration of this Court's denial of its motion for default judgment. (*See generally* Pl.'s Mot.)

## DISCUSSION

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Mauze v. CBS Corp.*, No. 15-CV-4905, 2019 WL 8137641, at *2 (E.D.N.Y. Jan. 23, 2019) (citation omitted). However, "[t]he standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving

---

[1] Although not referenced in the Court's Memorandum and Order nor substantively relied on in the R&R, the R&R also referenced a third reason why Plaintiff's motion for default judgment should be denied: Plaintiff's unexplained failure to include Defendants' actual last known phone numbers in its § 1306 filings. (R&R at n.5.) As then-Magistrate Judge Bloom noted, Plaintiff's failure to include a reachable phone number—and instead providing Defendants' phone number as "111111111"—made it "impossible for the state to call [D]efendants to offer them foreclosure assistance." (*Id.*)

2

party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Of course, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Further, "[a] party seeking reconsideration may not 'advance new facts, issues or arguments not previously presented to the Court.'" *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011) (citation omitted). This is because "[a] court cannot overlook matters which were not before it previously." *Green v. Gonzalez*, No. 09 CIV. 2636 (PAC) (KNF), 2010 WL 5094340, at *1 (S.D.N.Y. Nov. 22, 2010)

      Here, much of Plaintiff's arguments in support of its motion for reconsideration equate to an improper rehashing of issues previously addressed by this Court in the Memorandum and Order. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"). Indeed, in its motion for reconsideration, Plaintiff neither points to an intervening change in controlling law nor the availability of new evidence. Instead, Plaintiff improperly raises new arguments in its reconsideration motion that it failed to assert in the underlying motion. *See Sequa Corp.*, 156 F.3d at 144. Specifically, and notwithstanding the R&R recommending denial of Plaintiff's motion on each ground it now contests, Plaintiff argues for the first time that: (1) it was improper

3

for this Court to premise the denial of its motion on Plaintiff's failure to comply with RPAPL without Defendants initially raising this defense, (Pl.'s Mot. at 9-11); and (2) that section 3953 of the SCAR dictates that the SCAR does not afford protection to Defendant Tan, (Pl.'s Mot. 11-13). (*See also* R&R at 8-11, n.8.) Because Plaintiff neither raised these arguments in its underlying motion nor in its filed objections, it waived its right to seek reconsideration on both points. *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015). Put differently, Plaintiff's sole arguments for reconsideration are foreclosed from this Court's consideration. *Cooke v. Frank Brunckhorst Co., LLC*, 734 F. Supp. 3d 206, 213 (E.D.N.Y. 2024) (new arguments are "not cognizable on a motion for reconsideration"). This, alone, is fatal to Plaintiff's reconsideration motion. In any event, the Court is certain that the express language of the SCRA supports the denial of Plaintiff's default judgment motion notwithstanding the new argument raised by Plaintiff.

"Pursuant to the SCRA, in any civil action in which the defendant does not make an appearance, the plaintiff is required to file an affidavit with the court before entering default judgment: (a) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (b) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service . . . ." (Pl.'s Mot. at 10-11 (citing 50 U.S.C.A. § 3931).) For a plaintiff to satisfy section 3931(b), it is required to provide specific facts necessary to support its conclusion regarding whether the defendant is in military service. *Uribe v. Nieves*, No. 17-CV-5155(RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) ("The affidavit must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'" (citations omitted)). Against this

4

backdrop, Plaintiff argues that it would manifest injustice if the Court were to not consider reversing its decision. (*See* Pl. Mot. at 9-13.) In doing so, Plaintiff attempts to do violence to the SCRA by effectively erasing the section that seeks to protect servicemembers from default judgments. The Court is not persuaded by Plaintiff's antics.

Notwithstanding Plaintiff referencing the very section of the SCRA that precludes it from being granted default judgment in this case (50 U.S.C. § 3931), Plaintiff inexplicably argues 50 U.S.C. § 3953(a) renders 50 U.S.C. § 3931 obsolete. (Pl.'s Mot at 12-13.) That is, Plaintiff argues that because 50 U.S.C. § 3953(a) instructs that this "section" applies only to obligors on real or personal property, the entire SCRA does not extend protection to servicemembers when the underlying action relates to mortgages and deeds of trust. (Pl.'s Mot. at 12; *see also* 50 U.S.C. § 3953(a).) This is patently false. Plaintiff's interpretation attempts to substitute the word "section" with "chapter" in 50 U.S.C. § 3953(a) in a manner that would render 50 U.S.C. § 3931 meaningless. [2] Indeed, the absurdity of Plaintiff's argument is amplified by the title of 50 U.S.C. § 3931: "Protection of servicemembers against default judgments." 50 U.S.C. § 3931. Section 3953 in no ways diminishes the mandatory procedures in Section 3931 that are designed to protect servicemembers against default judgments. Further, "[t]he court lacks discretion to excuse the plaintiff's failure to comply with the statute." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 332 (E.D.N.Y. 2024).

---

[2] By Plaintiff's own admission, 50 U.S.C.A. § 3953 is inapplicable to the instant action because Defendant Tan is not an obligor. Moreover, the case cited by Plaintiff, *Gustavia Home, LLC v. Vaz*, is readily distinguishable from this case. (Pl.'s Mot. at 12 (citing *Gustavia Home, LLC*, 488 F. Supp. 3d 17 (E.D.N.Y. 2020).) For example, in *Gustavia Home, LLC*, the court had already granted Plaintiff's motion for a judgment of foreclosure and sale and, most importantly, the defendant servicemember had appeared in the action and requested that the sale at issue there be stayed. 488 F. Supp. 3d at 18. Here, no judgment of foreclosure and sale has been entered and Defendant Tan has not appeared.

5

Plaintiff also claims it complied with section 3931(b) vis-à-vis its January 2024 Declaration. (Pl.'s Mot. at 11; *see also* Malekan Decl. ¶¶ 4-6, ECF No. 31-8). This declaration, however, is wholly insufficient because it makes no reference to Defendant Tan nor does it provide specific facts adduced from an investigation that would necessarily support its conclusion as to Defendant Tan's military service, as required. *See Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr.*, 712 F. Supp. 3d at 332-33 (E.D.N.Y. 2024) (holding affidavits did not comply with the SCRA because they failed to "describe any investigation [plaintiff] might have conducted to form [its] belief" as to defendant's military status). Plaintiff's motion for default judgment was rightfully denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      September 30, 2025  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                    United States District Judge